**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| VICTOR TAGLE, | ) | 3:16-cv-00148-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | May 25, 2017 |
| | ) | |
| STATE OF NEVADA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Pending before the court are the following motions:

(1)   Motion for Hearing (ECF No. 55);
(2)   Motion to Strike (ECF No. 61);
(3)   Motion to Strike (ECF No. 62);
(4)   Motion for Issuance of Summonses on Record, Illegal Confiscation of Documents/Exhibits/Physical/Emotional Stress Inflicted on Plaintiff Due to Retaliation (ECF No. 63); and
(5)   Motion to Strike (ECF No. 64).

Also pending before the court is Defendant's Motion for Pretrial Case Management Conference to Caution Plaintiff, Motion for Instructions to Defendants, and Motion for a Stay of All Filings (ECF No. 78). Defendant requests the court hold a case management conference, preclude the Plaintiff from filing any further motions and stay any response to Plaintiff's pending motions until the conference has been completed.

/ / /

      Defendant's motion characterizes Plaintiff's filings, *inter alia*, as being "abusive," having no "factual or evidentiary support," and as presenting no legitimate basis under the Federal or Local Rules. (*Id*. at 2-3.) Defendant further submits that "...moreover, his filings attempt to reduce this court to a prison grievance coordinator and therapist." (*Id.* at 3.) The court has reached a similar conclusion with respect to certain other filings of Plaintiff. *See, e.g.*, Order denying Plaintiff's Request for Court Intervention (ECF No. 41), and Order denying Plaintiff's Motion for Court's and FBI's Intervention and Evidentiary Hearing in Regard to Tampering of Cases (ECF No. 66).

      Defendant's motion (ECF No. 78) is **GRANTED**. The courtroom administrator shall calendar a hearing on the pending motions listed above (ECF Nos. 55, 61, 62, 63, 64 and 78) as soon as the court's calendar will accommodate it. The Attorney General's Office will not have to respond to Plaintiff's pending motions while the stay is in effect. In the meantime, Plaintiff is directed to refrain from filing any non-emergency motions.[1]

      Despite the court's order precluding responses to the pending motions listed above, if he desires to do so, Plaintiff will be entitled to respond to Defendant's Motion for Pretrial Case Management Conference to Caution Plaintiff, Motion for Instructions to Defendants, and Motion for a Stay of All Filings (ECF No. 78), and this court's order on Plaintiff's motion.

      In addition, to Defendant's Motion for Pretrial Case Management Conference to Caution Plaintiff, Motion for Instructions to Defendants, and Motion for a Stay of All Filings (ECF No. 78), Plaintiff shall also be prepared to address these motions: ECF Nos. 55, 61, 62, 63, 64 and 78 at the hearing.[2]

**IT IS SO ORDERED.**

                                        DEBRA K. KEMPI, CLERK
                                        By:       /s/
                                                Deputy Clerk

---

[1] The court will not consider any "emergency motion" unless the motion strictly complies with LR 7-4.

[2] The Defendant argues that "Plaintiff has also earned 'three strikes' in the U.S. District Court ... ." Defendant refers to a Report and Recommendation entered by the Honorable C.W. Hoffman, Jr., U.S. Magistrate Judge, in *Tagle v. State of Nevada*, 2:15-cv-02143-RFB-CWH (Exhibit to Defendant's motion, ECF No. 78-2). Judge Hoffman found that Plaintiff Tagle had "three strikes" against him which would have prohibited the Plaintiff from proceeding in forma pauperis under 28 U.S.C. § 1915(g); however, he was allowed to proceed in forma pauperis due to his contention he was in "imminent danger of serious physical injury." (*Id.* at ECF No. 16.) Although Defendant is not arguing, at this time, that the instant matter should be governed by 28 U.S.C. § 1915(g), Defendant should be prepared to address the ruling of the Ninth Circuit Court of Appeals in *Tagle v. Anderson, et al.*, 2:16-cv-00757-JCM-PAL, No. 17-15110 (May 18, 2017).