# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE, SR., | 3:16-cv-00148-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF Nos. 88, 89 |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the court are Plaintiff's "Request for Removal of NDOC's Jurisdiction" (ECF No. 88) and "Request for Authorities Court's Intervention and Removal from NDOC's Facilities Due to Life's Safety" (ECF No. 89).[1] Plaintiff claims he has been "false (sic) accused with a 'GI' charge, and punished to the max" allegedly "due to Harcastle's orders." (ECF No. 88 at 1.) Plaintiff alleges Defendant Bennett "planted evidence on Plaintiff - boxes wich (sic) were all damaged." (*Id.*)

In the other "Request" filed contemporaneously with ECF No. 88, Plaintiff further asserts that "Hardcastle ordered NDOC to destroy my legal boxes and gave false charges." (ECF No. 89 at 1.) Plaintiff contends an NDOC officer, a Lt. Valerie Olivas, "is under <u>bribes</u> of Hardcastle and the put me in the hole with <u>false</u> charges on 4/19/17." (ECF No. 89-1 at 1; emphasis in the original.) Plaintiff continues to assert averments of misconduct he attributes to a "Lt. Clark," a person named "Harlow," a person named Bennett, and a "Sgt. Garrett," all of whom he contends were operating under "<u>Hardcastle's</u> orders." (ECF No. 89-2 and 89-3.)

/ / /

---

[1] Neither the Federal Rules of Civil Procedure nor the Local Rules for the U.S. District Court authorize the filings of a "Request." Plaintiff shall cease this practice forthwith.

Even if Plaintiff's "Requests" were considered to be motions, Plaintiff's filings (ECF Nos. 88, 89) object to conduct attributed to individuals who are *not* parties to this case. In fact, Plaintiff's notices do not even mention the one named Defendant, Rowly, against whom an excessive force claim was allowed to proceed in this matter. (ECF No. 6 at 6.) Plaintiff's filings do not request any specific relief from the court, let alone provide factual or evidentiary support or legal authority for his motions. Just as the court does not have jurisdiction to issue an injunction directed at a non-party *[See Zenith Radio Research, Inc.,* 395 U.S. 100, 112 (1969) (concluding it was error to enter an injunction against a non-party)], the court could not direct any order relative to the individuals against whom Plaintiff complains in his notices.

The undersigned further concurs with Magistrate Judge Cam Ferenbach's discussion of similar infirmities in Plaintiff Tagle's motions filed in *Tagle v. Fajota, et al.*, 2:15-cv-02082-JCM-VCF:

> Tagle's Motion objects to the actions of individuals who are not parties to this case. In fact, Tagle's Motion does not even mention the named Defendants. In any event, Tagle's Motion does not request any specific relief from the Court, let alone provide factual or evidentiary support or legal authority for his motion. Accordingly, the motion is denied.
>
> If Tagle were seeking injunctive relief to prohibit alleged harassment or abuse by NDOC correctional officers, that request would most likely be denied[2]. He has not met his burden of showing, *inter alia*, a likelihood of success on the merits. Further, it does not appear that Tagle has exhausted his administrative remedies regarding the allegations that the guards or library supervisors are taking his mail and legal papers or physically abusing him. Consequently, Tagle has not made a clear showing that injunctive relief is appropriate.

(ECF No. 43 at p.3, ll. 7-16; p.4, l.1.)

---

[2] Footnote 1 in Judge Ferenbach's Order reads as follows:

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships favors the plaintiff; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships tips sharply in the plaintiff's favor; and (4) an injunction is in the public interest. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In addition, in circumstances involving civil actions challenging prison conditions, injunctive relief "must be narrowly draw, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id*. As an "extraordinary and drastic remedy," a preliminary injunction should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

The court is not an "overseer" of NDOC's Lovelock Correctional Facility, nor is the court a "super-grievance" coordinator who can intervene with respect to Plaintiff's real-or imagined- complaints of misconduct against NDOC or the Attorney General's Office. If Plaintiff wishes to grieve the allegations contained in his filings, Plaintiff is directed to follow NDOC's grievance procedures.

Last, the court notes that Plaintiff filed these same requests in each of his numerous civil rights cases he has pending: 2:15-cv-00623-APG-GWF, 2:15-cv-02143-RFB-CWH, 2:15-cv-02082-JCM-VCF, 2:15-cv-01402-JAD-VCF, 2:16-cv-00709-GMN-NJK, 3:17-cv-00257-RCJ-VPC, 3:17-cv-00284-MMD-VPC. As discussed above, any motion seeking relief of some kind in one of Plaintiff's actions should only pertain to the Defendant(s) against whom the action was allowed to proceed. Plaintiff cannot and will not be permitted to file motions (or "notices") seeking relief against non-parties.

As Judge Ferenbach also ruled in his Order in 2:15-cv-02082-JCM-VCF, filing the same motion in multiple cases seeking the same relief is "an abusive litigation tactic that taxes the resources of the court and all parties to a lawsuit." (*Id.* at 43, p. 5.) Judge Ferenbach continued to caution Plaintiff Tagle as follows:

> Filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the Court and all of the parties to a lawsuit. Other courts have scolded Tagle for filing duplicate requests for relief. *See Tagle v. Nevada*, 2:15-cv-00216-JCM-PAL, 2016 WL 6440423, at *1 (D. Nev. Oct. 27, 2016). Under Rule 11 of the Federal Rules of Civil Procedure, sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co*., 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp*., 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)).
>
> Tagle is again warned that continued motion practice requesting relief that has already been denied, filing duplicative motions, or making frivolous, unsupported requests may result in the imposition of sanctions, including a recommendation to the district judge that he be declared a vexatious litigant or that this case be dismissed. *See Tagle*, 2:15-cv-00216-JCM-PAL, 2016 WL 6440423, at *2.

(*Id.*, at p. 5, ll 10-23.)

This court provides Plaintiff the same caution as Judge Ferenbach. If Plaintiff continues to file the same motion (or request or whatever) in multiple cases, the Plaintiff is warned the undersigned may summarily strike Plaintiff's filing, particularly if the document does not pertain to a party defendant against whom the case was allowed to proceed.

Plaintiff's "Request for Removal of NDOC's Jurisdiction" (ECF No. 88) and "Request for Authorities Court's Intervention and Removal from NDOC's Facilities Due to Life's Safety" (ECF No. 89) are **DENIED**.

**IT IS SO ORDERED.**

DATED: June 14, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE