# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| VICTOR TAGLE, SR., | ) | 3:16-cv-00148-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re: ECF No. 121 |
| STATE OF NEVADA, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's August 24, 2017 filing which seeks (1) copies of all of the civil complaints which Plaintiff has filed, and (2) dismissal of Magistrate Judge William G. Cobb as the assigned Magistrate Judge to this case (and various other relief as against Deputies Attorney General Hardcastle and Albright). (ECF Nos. 121, 122.)

Because the court's Local Rules restrict a motion or other filing to one distinct topic, LR IC 2-2(b), the court clerk lodged Plaintiff's motion for copies as ECF No. 121. The component of Plaintiff's motion seeking the dismissal of Magistrate Judge William G. Cobb (and certain other relief as against the Attorney General's Office) has been lodged as ECF No. 122.

Defendant Rowley opposed Plaintiff's motion in his combined response to ECF Nos. 121 and 122 (ECF No. 143). Plaintiff requested an extension of time to reply to Defendant's opposition (ECF No. 146), which the court granted. (ECF No. 147.) Plaintiff filed a combined reply to Defendant's opposition (ECF No. 150).

This order pertains to Plaintiff's request for copies of the complaints in twenty-seven (27) cases Plaintiff has filed and/or has pending in the United States District Court (ECF No. 121 at p. 5.) The court will address the issues in ECF No. 122 in a separate order.

## BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections. He commenced a civil rights action for events that took place while Plaintiff was incarcerated at the Ely State Prison (ESP). In screening Plaintiff's complaint, District Judge Miranda M. Du allowed a claim for alleged excessive force to proceed against a single defendant, ESP custodial officer C. Rowly[1]. District Judge Du dismissed the other Defendants Plaintiff had sued.[2]

In ECF No. 121 at 3, Plaintiff contends the undersigned either ordered or somehow orchestrated in concert with one or more Deputies Attorney General the confiscation of some or all of his litigation files while he was housed at Lovelock Correctional Center (LCC).[3] As such, he seeks duplication at court expense copies of the complaints he has filed in twenty-seven (27) civil actions in the U.S. District Court for the District of Nevada.

## DISCUSSION

The record in the now extensive docket reflects this court addressed the matter of NDOC alleged confiscation of his legal documents at a hearing on June 19, 2017, regarding ECF No. 55, Plaintiff's Motion for Evidentiary Hearing, the subject of which related to LCC's removal of a number of legal storage boxes from his cell. The issue first arose, however, when Plaintiff filed a "Motion for Court Intervention" (ECF No. 40) wherein he contended, *inter alia*, that NDOC under the alleged direction of the Attorney General's Office, through Lt. Olivas, confiscated Plaintiff's legal documents. The Defendant's responsive memorandum (ECF No. 49) to Plaintiff's motion for court intervention represented the scenario of events regarding the confiscation of certain of his multiple boxes in his cell

---

[1] Custodial Officer Rowly's name and spelling has subsequently been corrected to appear as "Corey Rowley." *See* ECF No. 19, Defendant's Notice of Acceptance of Service.

[2] Plaintiff's motion also asserts that Magistrate Judge Cobb "improperly dismissed" named Defendants McDaniel, Baker, Caldwell and State of Nevada from this lawsuit. (ECF No. 121 at 2-5.) This court has previously addressed this contention in its order of August 28, 2017, advising Plaintiff that these Defendants were dismissed by District Judge Du in the screening order, not by the undersigned. (ECF No. 125.)

[3] Plaintiff is currently housed at High Desert State Prison.

at LCC, as follows[4]:

> "... Lt. Olivas denies that she confiscated Mr. Tagle's legal documents and placed him in segregation to retaliate against him, and she denies that she threatened to destroy his legal documents. *See* Exhibit B: Declaration of Lieutenant Valaree Olivas. [Deceased Clark County Discovery Commissioner Chris] Beecroft obviously could not retaliate or direct retaliation against Plaintiff, because Mr. Beecroft passed away on December 26. 2016. *See* Exhibit C: Obituary of Chris Beecroft Jr. (footnote omitted.)[5] Defendant cannot make any representations regarding unnamed Deputies Attorney General or an unnamed NDOC guard, but the facts of this issue demonstrate that Plaintiff is not a victim of retaliation.

**B. Plaintiff blatantly misrepresents the confiscation of his legal documents.**

NDOC Administrative Regulation ("AR") 722.04(13)(E) restricts an inmate to three legal boxes in his cell. *See* attached Exhibit F: AR 722. When an inmate has excess personal property, such as boxes of legal documents, AR 711.01(4)(C) and 711.01(4)(D)(5) direct NDOC officials to confiscate the property. *See* attached Exhibit G: AR 711. AR 711.01(4)(C) also directs NDOC officials to confiscate the excess personal property of an inmate placed in restrictive custody. When an inmate's personal property is confiscated, NDOC staff makes an inventory of the property and securely stores the property. AR 711.01(4)(D)(2).

Here, Plaintiff had five legal boxes, a fact he concedes in his request. ECF No. 40 at 1. This exceeds the number of legal boxes he may possess in his cell. AR 722.04(13)(E). On April 13, 2017, Officer J. Gouveia informed Plaintiff that he exceeded the number of legal boxes allowed and told him to remove two of the five boxes. *See* Exhibit D. The next day, Lt. Olivas discussed this issue with Plaintiff. *See* Exhibit B. She told him that he could only have three boxes in his cell and that his extra boxes would be stored, not destroyed. *Id.* Plaintiff next discussed this

---

[4] Before the filing of Defendant's memorandum (ECF No. 49), this court denied Plaintiff's motion (ECF No. 40), advising Plaintiff the court was not authorized to intervene in the daily operations of the Nevada Department of Corrections and that Plaintiff's recourse was to follow NDOC's grievance procedures and/or consider filing a new action if the issues are not resolved via grievances. (ECF No. 41.) Although Defendant's memorandum was filed after the court's order was entered, because it is explanatory of the alleged confiscation contention, the court sets forth excerpts of Defendant's memorandum (ECF No. 49) in this order.

The exhibits referred to in the excerpted portions of Defendant's memorandum are not duplicated in this order but may be found in the docket at ECF No. 49-1 through 49-7.

The court will also at this juncture point out that Plaintiff's motions (ECF Nos. 40 and 55) did not in any fashion pertain to ESP Custodial Officer - and sole Defendant - C. Rowley. *See*, ECF No. 98.

[5] Plaintiff's confiscation argument also asserted that former Clark County Discovery Commissioner Chris Beecroft, who passed away several months before the LCC contention of excessive file boxes were being stored in Plaintiff's cell, was also somehow involved in the conspiracy.

issue with Pamela Feil, the law library supervisor, on April 17, 2017. *See* Exhibit E. Ms. Feil also told him that he is allowed a maximum of three boxes and that his extra boxes would be stored, not destroyed. *Id.* On April 19, 2017, Lt. Olivas ordered Plaintiff to remove two of his legal boxes so that the boxes could be stored in legal storage. *Id.* Plaintiff refused to comply with Lt. Olivas's direct order, and Plaintiff said that he would "go to the hole." *Id.*

Plaintiff claims that he did as he was told, ECF No. 40, but his claim is unambiguously false and he has misrepresented the facts of this issue to the Court.

**C. Plaintiff's request does not warrant any relief.**

As this Court can plainly see, Plaintiff's pleading blatantly misrepresents the confiscation of his legal documents. Plaintiff's documents were confiscated because he had more boxes than the ARs allow and because he was placed in segregation—not because Mr. Beecroft, Ms. Hardcastle, Lt. Olivas, Officer Hoffman, an unnamed Deputy Attorney General, or an unnamed NDOC guard retaliated against him. Furthermore, Plaintiff was very specifically informed that the ARs and housing rules permit him to have no more than three boxes of legal documents in his cell and that the extra boxes would be placed in storage—not destroyed.

Moreover, LCC Associate Warden William Sandie informed counsel that Plaintiff reviewed his legal documents and voluntarily reduced his number of boxes from five to *one*. Warden Sandie also confirmed that Plaintiff's remaining documents are in storage in the LCC law library and that Plaintiff has been returned to general population. *See* Exhibit A – Declaration of Gerri Lynn Hardcastle.

Because the evidence Defendant presents unmistakably demonstrates that (1) Plaintiff has misrepresented the confiscation of his legal documents in his pleading before the Court, (2) LCC staff never threatened to destroy his legal documents, (3) Plaintiff was placed in administrative segregation due to his failure to comply with the ARs, housing rules, and a direct order from Lt. Olivas, and (4) Mr. Beecroft, Ms. Hardcastle, Lt. Olivas, Officer Hoffman, an unnamed Deputy Attorney General, and an unnamed NDOC guard are not retaliating against Plaintiff, Plaintiff is not entitled to the relief he requests."

On May 9, 2017, Plaintiff renewed his contention that his legal documents were being illegally confiscated in a "Motion for Evidentiary Hearing." (ECF No. 55.) The Defendant again responded to Plaintiff's accusations. (ECF No. 71.) On May 25, 2017, this court scheduled a hearing to be conducted on June 19, 2017, regarding numerous motions filed by Plaintiff, including ECF No. 55 with respect to Plaintiff's contentions about the alleged confiscation of his legal storage boxes. After hearing Plaintiff's extensive exhortations regarding the alleged seizure of his files (*see* Transcript, ECF No. 99), the court denied the relief sought concerning the alleged destruction of Plaintiff's files, stating in its Minutes as

4

follows:

> The court next addresses Plaintiff's motion for an evidentiary hearing (ECF No. 55). Mr. Tagle contends NDOC correctional officers have illegally removed legal storage boxes from his cell and have allegedly destroyed the documents contained within them. DAG Hardcastle reports that pursuant to NDOC Administrative Regulations, an inmate may only have up to three legal boxes in his cell. Correctional officers explained to Mr. Tagle that he would need to consolidate his five to six legal boxes to three legal boxes. DAG Hardcastle represents Mr. Tagle at first refused to consolidate his legal boxes, but ultimately consolidated his legal boxes down to one and the remaining boxes are stored in the institution's law library. DAG Hardcastle indicates the legal boxes are neither destroyed nor tampered with. Furthermore, Mr. Tagle is able to access the legal boxes at any time he chooses through the law library. DAG Hardcastle, however, is not able to state for certain the protocol Mr. Tagle must employ to review the documents within his legal boxes.
>
> The court next discusses the relevance, if any exists, as to Plaintiff's assertions against former Clark County Discovery Commission Chris Beecroft (now deceased) and Chief Deputy Attorney General Clark Leslie in his motion for evidentiary hearing. The court hears statements from Mr. Tagle but is unable to connect any relevance Beecroft or Leslie may have to this case or the Plaintiff's motion itself; neither is a defendant in this action.
>
> After hearing from the parties, the court finds that the Defendant's response to Plaintiff's motion (ECF No. 49) adequately addresses the subject of Plaintiff's legal boxes being stored at the institution's law library. The court instructs DAG Hardcastle to provide Mr. Tagle a courtesy copy of the Defendant's filing, ECF No. 49.
>
> IT IS THEREFORE ORDERED that Plaintiff's motion for an evidentiary hearing (ECF No. 55) is **DENIED**.[6]

Whatever seizure occurred by NDOC of Plaintiff's multiple file boxes was not the result of any order asserted by this court, nor any involvement by the Offices of the Attorney General - and certainly not the consequences by any act or omission by the one remaining Defendant in this action, i.e., Rowley. Instead, the confiscation occurred as a result of Plaintiff's failure to follow the reasonable rules of the institution where Plaintiff is an inmate. Plaintiff's failure to adhere to NDOC administrative regulations is a bed of his own making.

/ / /

/ / /

---

[6] Although Plaintiff was advised in the 6/19/17 Minutes of his ability to file an objection to the orders set forth within the Minutes of Proceedings (ECF No. 98 at 3), it does not appear Plaintiff availed himself of this opportunity.

5

## **CONCLUSION**

The court therefore concludes that any seizure of Plaintiff's legal storage boxes was not the product of any nefarious activity either by the Attorney General's Office or this court. Nor was it occasioned by the only named Defendant in this action, C. Rowley, who was and appears to still be a custodial officer at ESP and had nothing to do with the alleged seizure of Plaintiff's files.

The court **DENIES** Plaintiff's motion (ECF No. 121) for duplication at court expense of the complaints in Plaintiff's twenty-seven (27) civil actions in the U.S. District Court.

Any party wishing to object to this order may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1, specific written objections within fourteen (14) days of receipt. The deadline to file and serve any responses to the objections is fourteen (14) days after service of the objection. Replies will be allowed only with leave of the court.

**IT IS SO ORDERED.**

DATED: September 27, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE