✓ FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 8 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE, SR., | 3:16-cv-00148-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 122 |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

**Background**

Before the court is Plaintiff's August 24, 2017 filing which seeks (1) copies of all of the civil complaints which Plaintiff has filed, and (2) dismissal of Magistrate Judge William G. Cobb as the assigned Magistrate Judge to this case (and various other relief as against Deputies Attorney General Hardcastle and Albright). (ECF Nos. 121, 122.)

As noted in this court's order regarding ECF No. 121 (ECF No.151), because the court's Local Rules restrict a motion or other filing to one distinct topic, LR IC 2-2(b), the court clerk lodged Plaintiff's motion for copies as ECF No. 121. The component of Plaintiff's motion seeking the dismissal (i.e., recusal) of Magistrate Judge William G. Cobb (and certain other relief as against the Attorney General's Office) has been lodged as ECF No. 122.

Defendant Rowley opposed Plaintiff's motion in his combined response to ECF Nos. 121 and 122 (ECF No. 143). Plaintiff requested an extension of time to reply to Defendant's opposition (ECF No. 146), which the court granted (ECF No. 147). Plaintiff filed a combined reply to Defendant's opposition (ECF No. 150).

Plaintiff's motion, ECF No. 122, alleges, *inter alia*, the undersigned is "under [Deputy Attorney

General] payroll," (ECF No. 122 at 1), operates under "Hardcastle's orders" (*Id.* at 2), is "on DAG's side," and that the "NDOC and DAG's pay [the undersigned] to cover them." (*Id.*) Plaintiff avers further that the undersigned operates "under Hardcastle's <u>orders,</u>" and that DAG Hardcastle serves under William G. Cobb's <u>supervision.</u>" Plaintiff contends he has been "physically, mentally and sexually abused and harased (sic) by the NDOC's vermin." (*Id.* at 1; emphasis in the original.) Plaintiff wants the undersigned to "show a little decency and step down." (*Id.* at 3.) Last, Plaintiff contends Hardcastle and Albright should not represent the Defendant and that only "A.G. Laxalt may do so ." (*Id.* at 3.) No documentation supporting Plaintiff's accusations accompanied his motion.

Defendant's responsive memorandum denies the existence of any conspiracy between defense counsel and the court, noting Plaintiff's "conclusory allegations" are insufficient to establish any reasonable basis for recusal, citing *Banks v. City of King*, 883 F.2d 819, 821 (9th Cir. 1989) (ECF No. 143 at 2). The Attorney General's Office further denies Plaintiff's accusation the court ordered DAG Hardcastle or any NDOC officials to take any adverse action against Plaintiff, characterizing such averments as "truly absurd." (*Id.* at 3.) Defendant characterizes Plaintiff's contention that the undersigned, "under Hardcastle's <u>orders,</u> assign Lovelock Correctional Center ("LCC") personnel to actr as Plaintiff's attorney as "comically implausible." (*Id.*) The Defendant cites Nevada law regarding the authority of the Attorney General to assign matters to the Attorney General's Deputies. (*Id.*)

Plaintiff's reply memorandum (ECF No. 50) again accuses the court, defense counsel, the Nevada Attorney General and numerous NDOC officials (to the exclusion of the one remaining Defendant in this case, C. Rowley) of lying, bribery, corruption and other nefarious misconduct. As with his initial motion, Plaintiff submits no documentation to support his accusations. [1]

///

///

---

[1] Plaintiff's allegations, which are unsubstantiated with any credible evidence whatsoever, can only be viewed as scandalous or impertinent. The court was tempted to strike Plaintiff's motion under Fed. R. Civ. P. 12(f)(1) as it did with Plaintiff's earlier filings ECF Nos, 106 & 107 which impugned the character of Magistrate Judge Cam Ferenbach and Deputy Attorney General Hardcastle. (ECF No. 108). The court, however, has determined it would be better to proceed with a substantive resolution of Plaintiff's allegations, as offensive as they may be. As with the prior court's order, however, Plaintiff is again cautioned that his filings run the risk of causing the dismissal of his action under LR. IA 11-8(d).

## DISCUSSION

This Order will address generally what the court perceives as the two primary thrusts of Plaintiff's arguments: first, the role of Attorney General Adam Laxalt vis-a-vis his deputies, and secondly, the alleged bias of the court toward Plaintiff for which Plaintiff seeks the removal of the undersigned. The court will not respond separately to each of the myriad of accusations of misconduct attributed to the court, none of which is substantiated with any viable or credible evidence.[2]

### A. Representation of Defendant Rowley by the Attorney General's Office

Plaintiff contends, without citation of authority, that Deputies Attorney General Hardcastle, Leslie, and Albright must "step down" and that "NDOC must be represented by the A.G. Adam P. Laxalt, not by this cesspool." (ECF No. 122 at ¶ 3.) As a starting point, this court must - once again- advise Plaintiff that "NDOC," i.e., the Nevada Department of Corrections, is *not* a party to this action. The only Defendant against whom Plaintiff's lawsuit was allowed to proceed was Ely State Prison Corrections Officer C. Rowly.[3] Officer Rowley, however, is *not* alleged to have committed the acts of misconduct of which Plaintiff complains in his motion and/or reply memorandum.

Secondly, and substantively, the Nevada Revised Statutes specifically allow the Attorney General to retain deputies to perform the duties of office of the Attorney General. Nev. Rev. Stat. 228.080(1) provides in pertinent part as follows:

> The Attorney General may appoint as many deputies as he or she may deem necessary to perform fully the duties of his or her office. All deputies so appointed may perform all duties now required of the Attorney General. . . .

Therefore, Plaintiff's objection to the representation of Defendant Rowley by Deputies Attorney General Hardcastle, Albright and/or Leslie is without merit and his motion in this respect is denied.

---

[2] The court has previously addressed in its 8/28/207 Order (ECF No. 125) Plaintiff's contentions that the undersigned "illegally removed" defendants McDaniel, Baker, Caldwell and the State of Nevada from this case (ECF No. 121 at 2, 3). The Order pointed out to Plaintiff, as did the Defendant in his responsive memorandum (ECF 143 at 3), that these defendants were dismissed in the Screening Order entered by District Judge Miranda Du, *not* by the undersigned (ECF No. 6). Despite the record being unequivocal in this respect, Plaintiff in his Reply memorandum persists in asserting "Cobb dismissed defendants on his 'own'." (ECF No. 150 at 3).

[3] Name and spelling corrected to "Corey Rowley," Defendant's Notice of Acceptance of Service (ECF No. 19).

3

## B. Dismissal (Recusal) of Magistrate Judge William G. Cobb

As noted above, rather than responding separately to each of the multiple allegations of misconduct the Plaintiff attributes to the undersigned, the court will address Plaintiff's charges under the characterization of alleged improper bias of the court in favor of the Defendant (or his counsel) and/or as against the Plaintiff and whether recusal is appropriate.

### 1. Analysis of Legal Standard for Recusal

28 U.S.C. 455(a) provides that any United States federal judge should recuse him or herself "in any proceeding in which his impartiality might reasonably be questioned." The judge should also disqualify him or herself if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The judge to whom the recusal request is made should attempt to decide the impartiality issue him or herself without referral to a different judge. *In re United States*, 158 F.3d 26, 34 (1st Cir. 1988); *Schurz Commc'ns, Inc. v. FCC*, 982 F.2d 1057, 1059 (7th Cir. 1992). A district court has an affirmative duty not to disqualify itself unnecessarily. *Thorpe v. Zimmer, Inc.*, 590 F.Supp.2d 492 (S.D. NY 2008); Cohee v. McDade, 472 F.Supp.2d 1083, 1084 (S.D. Ill 2006). Accordingly, the grounds in a motion for disqualification or recusal must be scrutinized with care. *Thorpe, supra.*

The standard for recusal is whether the Judge's impartiality might be "reasonably questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)(citations omitted); *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 871 (9th Cir. 1991)(citations omitted). In that regard, recusal is also evaluated by ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997). The alleged prejudice must normally result from an extra judicial source; a judge's prior adverse ruling is *not* sufficient cause for recusal. (*Id.*) It is a rare and extreme situation where a judge should be recused because of adverse rulings the judge made as to a party. *Litekyv. United States*, 510 U.S. 540, 556 (1994); *Stanley v. University of Southern California* 178 F.2d 1069 (9th Cir. 1999).

*Liteky* instructs that

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. [ ] Second, opinions formed by the judge based on the facts introduced or events occurring in the course of the current

4

> proceeding, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky, supra*, at 556.

The Ninth Circuit Court of Appeals in *Taylor v. Regents of the University of California*, 993 F.2d 710 (9th Cir.1993) discussed the recusal standard as follows:

> Taylor also contends that District Court Judge Smith should have recused herself. Taylor has filed a motion under 28 U.S.C. §§ 144 and 455 seeking Judge Smith's recusal. In his affidavit, Taylor asserted that a prior ruling by Judge Smith dismissing two defendants on Eleventh Amendment immunity grounds was error and that this error was the result of bias against him, or in favor of the defendants. [footnote omitted]
>
> "The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotations omitted). To warrant recusal, judicial bias must stem from an extrajudicial source. *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991); *Studley*, 783 F.2d at 939. "[A] judge's prior adverse ruling is not sufficient cause for recusal." *Studley* 783 F.2d 939.
>
> Here, the essence of Taylor's allegation of judicial bias was that Judge Smith's prior ruling was adverse to him. Thus he has not shown judicial bias from an extrajudicial source. *See Pau*, 928 F.2d at 885; *Studley*, 783 F.2d at 939. Accordingly, Judge Smith did not abuse her discretion by declining to recuse herself.

992 F. 2d at 712-713; (cert. den.114 S. Ct 890 (1994)).

*Clemens v U. S. Dist. Court for Cent. Dist. Of Cal.*, 428 F. 3d 1175, 1178 (9th Cir. 2005), holds that disqualification only arises where "a reasonable person perceives a significant risk that the judge will resolve the case other than on the merits." (emphasis added) "[J]udges are not to recuse themselves lightly under § 455(a)." *Id.* Disqualification is appropriate "only when the charge is supported by a factual basis, and when the facts asserted 'provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001) (quoting *In re United States*, 666 F.3d 690, 695 (1st Cir. 1981)) (footnote omitted). Therefore, "'[t]he trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal.'" *Fideicomiso de la Tierra del Cano Martin Pena v.*

5

*Fortuno*, 631 F. Supp. 2d 134, 136 (D. P.R. 2009) (quoting *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006))

### 2. Application of the recusal standards to Plaintiff's assertions

Plaintiff submits absolutely no evidence, other than his rambling diatribe against the court and the deputies attorney general who have assigned to defend this case, to substantiate his claims of, among others, lying, bribery, corruption Other than certain court rulings which may not have favored Mr. Tagle in each instance, Plaintiff can point to no extra judicial evidence that the undersigned was supposedly paid or controlled by D.A.G. Hardcastle or conversely that Ms. Hardcastle "serves under the supervision" of the undersigned. No *reasonable* person could conclude from Plaintiff's allegations in his motion and reply memorandum that there is a *significant* risk that the undersigned would resolve this case on the merits.[4] There has no submission of any facts which "an objective, knowledgeable member of the public would find to be a reasonable basis for doubt [t undersigned's] impartiality." *In re Boston's Children First*, 244 F, 3d at 167.[5]

The court will also briefly address Plaintiff's contention this court should "equalize the differences" between the parties (ECF 122 at 3). As a starting point, Plaintiff identifies no specific ruling made by the undersigned which might have been entered differently had the "differences been equalized." The court has adequately explained its ruling regarding Plaintiff's complaint regarding the confiscation of the number of unauthorized number of file boxes from his cell ((ECF No. 151) and Plaintiff's contention the undersigned improperly dismissed certain defendants from this action (ECF No. 125). Plaintiff points to no other specific rulings which might have decided differently has the court shown Plaintiff greater leeway, or as Plaintiff styles it, had the court "equalized the differences."

Plaintiff cites *Jacobsen v Filler*, 790 F. 2d 1362 (9th Cir 1986) for this proposition (ECF No. 121

---

[4] There has been no consent for disposition of this case under 28 U.S.C. §636 and/or LR IB-2-1. Any dispositive motion which this court would address would be the subject of a report and recommendation to the District Judge in accordance with 28 U.S.C. § 636(b)(1)(B). Thus, it is unlikely that the undersigned would be resolving the case "on the merits."

[5] Plaintiff reasserts this argument in his reply memorandum where he states
> "Yes, Jack. I am a man -<u>unprivileged</u> <u>Position</u> & you Cobb, NDOC. "et al". Have taken "<u>advantage</u>", you're a piece of s....., besides being an ignorant, read your "Case Laws." I will Tell you. exactly that Cobb must 'equalize differences []." ECF no. 150 at 5, ¶ 9; quoted directly.

at 3) The *Jacobsen* case, however, does *not* stand for that proposition. *Jacobsen* actually held that a *pro se* litigant should not be treated "more favorably" that parties with attorneys and that "...it is not for the trial court to inject itself in the adversary process on behalf of one class of litigant." *Jacobsen*, 790 F. 2d at 1364-65.

That being said, *Jacobsen* also recognized that prisoners appearing *pro se* are provided more liberality with respect to interpretation of their pleadings, notices regarding certain technical procedural requirements (such as in motions for summary judgment), etc. *Jacobsen*, 790 F. 2d at 1364; 1368 (J. Reinhardt, dissenting); *Eldridge v Block*, 832 F. 2d 1132, 1137 (9th Cir. 1987); *Rand v Rowland*, 154 F. 3d 952, 955-56 (9th Cir. 1998). Although pleadings are liberally construed and inmate *pro se* litigants are afforded certain procedural protections than other *pro se litigants*, *pro se* litigants "must follow the same rules of procedure that govern other litigants." *King v Atiyeh*, 814 F. 2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v Maricopa Cnty*, 693 F. 3d 896 (9th Cir 2012). This does not translate, however, into "equalizing the differences" between the parties.

The court finds Plaintiff's motion requesting the dismissal (recusal) of the undersigned to be without merit and Plaintiff's motion in this respect is denied.

## Conclusion

For the reasons stated, the court **DENIES** Plaintiff's motion (ECF No. 122).

Any party wishing to object to this order may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1, specific written objections within fourteen (14) days of receipt. The deadline to file and serve any responses to the objections is fourteen (14) days after service of the objection. Replies will be allowed only with leave of the court.

**IT IS SO ORDERED.**

DATED: September 29, 2017.

William G. Cobb
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE