# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE, | 3:16-cv-00148-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | Re: ECF No. 38 |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's "Motion for Summary Judgment based on: criminal conduct of the counsel's and defendants alike." (ECF No. 38.) Plaintiff then filed a "response" to his own motion. (ECF No. 42.) Defendants moved to strike the response. (ECF No. 60.) The court has addressed the motion to strike in a separate order, which construes Plaintiff's "response" as a supplement to his motion, and denies the motion to strike. Defendants also filed a response to the motion for summary judgment. (ECF No. 50.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 7.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) The only defendant is Corey Rowley.

On screening, Plaintiff was allowed to proceed with a single claim of Eighth Amendment excessive force against Rowley based on allegations that Rowley dragged Plaintiff to the point he could not walk, threw Plaintiff into a van door, and hit Plaintiff over the head multiple times. (Screening Order, ECF No. 6.)

In his motion, which is difficult to decipher, Plaintiff appears to state that in a reply filed in support of a motion to strike, Deputy Attorney General Hardcastle and Beecroft referred to Plaintiff as "misguided", which Plaintiff refers to as an insult. He also appears to claim that Hardcastle referred to Plaintiff as "ignorant" and a "minority." He then states that Beecroft, Leslie and Hardcastle added time to his sentence. In his response to his own motion, Plaintiff clarifies that he does not want his case dismissed based on his summary judgment motion, but wants default entered in his favor.

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

### III. DISCUSSION

As indicated above, it is difficult to decipher the basis of Plaintiff's motion. Preliminarily, the grounds raised in the motion have nothing to do with the facts of the excessive force claim proceeding in this case against Rowley. Notwithstanding that important point, the court finds no support in the record for Plaintiff's allegation that Deputy Attorney General Hardcastle or Beecroft insulted him in a filing, or that Hardcastle, Beecroft or Leslie are in any way responsible to extending his sentence. As Plaintiff has not met his burden under Rule 56 for a motion for summary judgment, his motion should be denied.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion for summary judgment (ECF No. 38).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 5, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE