UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>                       Plaintiff,<br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                       Defendants. | Case No. 3:16-cv-00148-MMD-WGC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.    SUMMARY**

Before the Court are two Reports and Recommendations of United States Magistrate Judge William G. Cobb. In the first Report and Recommendation entered on October 5, 2017 ("First R&R") (ECF No. 155), the Magistrate Judge addressed Plaintiff's filing entitled "Motion for Summary Judgment based on: criminal conduct of the counsel's and defendants alike" ("Plaintiff's Motion") (ECF No. 38). In the second Report and Recommendation entered on that same date ("Second R&R"), the Magistrate Judge recommends granting Defendant Corey Rowley's Motion for Summary Judgement ("Defendant's Motion") (ECF No. 115). Plaintiff filed a consolidated objection to both Reports and Recommendations ("Objection"). (ECF No. 159.) For the reasons discussed below, the Court adopts both Reports and Recommendations.

The Magistrate Judge denied Defendant's motion to strike Plaintiff's "response" to Plaintiff's Motion as a fugitive document. (ECF No. 157.) This ruling was in Plaintiff's favor. However, Plaintiff filed an objection to the Magistrate Judge's order where he

again lodged complaints about the Magistrate Judge. Plaintiff's objection (ECF No. 158) is therefore overruled. Plaintiff's motion to dismiss the Magistrate Judge (ECF No. 160), which is identical to his Objection (ECF No. 159), is denied. Defendant's motions for extension of time (ECF Nos. 161, 162, 163) are granted.

Plaintiff also filed a motion for Defendant to provide a copy of his files ("Motion for Documents").[1] (ECF No. 169.) Plaintiff appears to request "all his files", including those filed in other cases, because of alleged abuse and destruction of his files by orders of Hardcastle, and of Judge Cobb and Judge Gordon (presumably in a different case). This request has nothing to do with the excessive force claim in this case. Accordingly, Plaintiff's motion is denied.

## II. BACKGROUND

Plaintiff, who is proceeding pro se, alleges that while he was housed at Ely State Prison, Defendant Corey Rowley had dragged Plaintiff to the point where he could not walk, had thrown Plaintiff into a van door, and had hit Plaintiff over the head multiple times for, what appears to be, the purpose of maliciously and sadistically causing harm. (ECF No. 6 at 6.) Based on these allegations, the Court permitted Plaintiff to proceed on a single claim of Eighth Amendment excessive force against Defendant. (*Id.*)

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails

---

[1] Plaintiff contends that he "has been transfer [sic] to different state & location & this facility has 'storage'." (ECF No. 169 at 1.) However, Plaintiff has not filed a notice of his change in mailing address as required under LR IA 3-1. The filed stamp copy of his Motion for Document was returned to the Court as undeliverable. Plaintiff identified an Eloy, Arizona address on the Motion for Documents. Nevertheless, Plaintiff will be required to provide a notice of his new mailing address.

to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's Objection to the Magistrate Judge's R&Rs, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&Rs. Upon reviewing the R&Rs and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&Rs in full.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however,

summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV. DISCUSSION**

In the First R&R, the Magistrate Judge found no support in the record for Plaintiff's allegation that Deputy Attorney General Hardcastle and Beecroft insulted him in a filing, or that Hardcastle, Beecroft or Leslie are in any way responsible to extending his sentence. (ECF No. 155 at 3.) In the Second R&R, the Magistrate Judge recommends granting Defendant's Motion based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 156 at 6-7.)

In his Objection, Plaintiff complains about the Magistrate Judge and his purported partiality. (ECF No. 159.) These unsupported accusations are fantastical and are

1  inappropriate. Plaintiff also contends that summary judgment cannot be granted against a pro se party. (*Id.* at 3.) To the contrary, pro se litigants like Plaintiff must follow the same rules of procedure that govern other litigants. *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165 (1985).

Having reviewed the filings relating to Plaintiff's Motion, Defendant's Motion and Plaintiff's Objection, the Court agrees with the Magistrate Judge and will adopt the two R&Rs.

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the Reports and Recommendations of Magistrate Judge William G. Cobb (ECF Nos. 155, 156) are accepted and adopted in full. Plaintiff's motion for summary judgment (ECF No. 38) is denied. Defendant's motion for summary judgment (ECF no. 115) is granted.

It is further ordered that Plaintiff's motion to dismiss the Magistrate Judge (ECF No. 158) is denied.

It is further ordered that Plaintiff's objection to the Magistrate Judge's order denying Defendant's motion to strike (ECF No. 158) is overruled.

It is further ordered that Defendant's motions for extension of time (ECF Nos. 161, 162, 163) are granted.

It is further ordered that Plaintiff's motion for Defendant to provide his files (ECF No. 169) is denied.

It is further ordered that the Clerk send a copy of this Order to Plaintiff at the addressed identified on Plaintiff's Motion for Documents (ECF No. 169 at 1.)

It is further ordered that Plaintiff file a notice of change of address with the Court within twenty (20) days.

///

///

///

///

The Clerk is directed to enter judgment in favor of Defendant in accordance with this Order and close this case.

DATED THIS 26th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE